[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, whose married name was Settanni, was married to the defendant husband in Danbury, Connecticut, on May 28, 1977.
The wife has resided in the State of Connecticut continuously for at least one year prior to the commencement of these proceedings.
Three children were born to the wife, all are issue and CT Page 1925 are minors, to wit: Nicholas Pavlinsky, born October 18, 1983; Mathew Pavlinsky, born March 29, 1986; and Kimberly Pavlinsky, born June 24, 1988.
From the evidence presented, the court finds that the marriage has broken down irretrievably, there is no prospect for any reconciliation, and a decree of dissolution may enter.
At the time of the marriage, the wife worked full-time at Duracell. In 1978, she opened her own business and within one year closed it. A series of other jobs continued until 1983 when she became pregnant with her first child. Since then she has worked several part-time jobs except for a brief four month period of full-time employment. She now works part-time and earns $152 per week.
She appears to be in good health and is thirty-eight (38) years old. She has a high school diploma.
The husband has not fared as well from a physical viewpoint. He has had three major back surgeries dating to 1987 and, as a result, has been incapacitated for up to six months at a time. For the last year and a half, he has been employed as a mechanical engineer technician and earns approximately $550 per week gross. He also is thirty-eight (38) years of age and has completed two years of college.
The parties have stipulated as to custody and visitation so the court need not dwell on this issue.
The primary issue to deal with is the disposition of the real estate and whether or not the court should make an alimony award.
The wife attributes the cause of the breakdown to the husband's failure to have any intimate relationships with her for long periods of time, insensitivity, and deep depression.
The husband failed to articulate as specifically as the wife the causes for the breakdown of the marriage. However, he does admit that there were long periods of sexual abstinence, but indicated that both parties were responsible for that situation.
The court concludes that fault will play an insignificant CT Page 1926 role in its decision.
In February, 1993, the parties, by mutual agreement, separated, and the husband left the marital home. They have remained separate and apart since then.
The marital home was purchased in August, 1979 (see Exhibit A) from the wife's father. There is some disparity as to the value of the home at the date of purchase. Three valuations were submitted to the court, i.e., the wife's, the husband's and the assessor's. The court can reasonable assume that at the time of purchase the house had a fair market value of approximately $75,000. Further, the parties purchased the property with no money, but rather by an assumption of the existing mortgage of about $49,000. This resulted in a windfall of all to them of about $26,000. The present mortgage has a balance of $35,000, and the home has a present fair market value of $170,000. The full equity, therefore, is $135,000.
In her claim for relief, the wife argues, inter alia, that she should receive the marital home and pay the husband $35,000 in five years or upon her remarriage, whichever event first occurs. The husband argues that the net equity should be divided equally on or before February 15, 1999.
The court also is urged to take under consideration the wife's use of the balance of his disability proceeds and her use of the cash surrender value of $7,000 from the husband's life insurance policy. Further, she has no debts and the husband shows liabilities of $6,680.00.
The court, having considered all of the evidence and taking into account the provision of sections 46b-81, 46b-82
and 46b-84, further finds and orders as follows:
1. Joint custody of the minor children with primary residence to the wife. Reasonable, liberal and flexible visitation to the father, but at a minimum as follows: every other weekend from Friday evening 6 p. m. to Sunday evening to 7 p. m., and for two weeks during the summer. Additionally, each Christmas Day beginning at 11 a.m., and each Thanksgiving Day beginning at noon. Halloween in the odd numbered years. July 4 and Easter in the even numbered years. Monday holidays should go with whichever parent has the children that weekend. CT Page 1927 Husband shall also be allowed to visit the children one evening per week upon 24 hour notice to the wife.
2. The husband shall pay as support for the minor children, in accordance with the applicable guidelines, the sum of $400 every two weeks. This sum shall be secured by a contingent wage execution.
3. The husband shall maintain, as available through his employment, medical and dental insurance for the benefit of the minor children. All unreimbursed medical and dental expenses shall be awarded equally between the parties. These orders are subject to the provisions of Connecticut General Statutes, Sec. 46b-84c.
4. The husband shall maintain the wife as beneficiary of his group life policy for so long as he is obligated to support his children.
5. The husband shall convey all of his right, title and interest in the marital premises located at 145 Primrose Road, Bethel, Connecticut. The wife shall pay the mortgage, taxes, insurance and all other expenses attendant to ownership. She shall hold the husband harmless. She shall also be entitled to collect all rents and have exclusive possession of the premises.
6. The wife shall, upon delivery of the aforementioned deed, execute and deliver to the husband a mortgage deed and note, in the usual form, in the amount of $60,000, which mortgage shall be interest free, except upon default, and shall provide for the principal payment of $40,000 on or before five years from the date herein, and the balance when the youngest child reaches his or her eighteenth (18th) birthday.
Interest upon default shall be calculated at 8 percent per annum, compounded.
7. The husband shall pay to the wife as periodic alimony, the sum of $25 per week until the first of the following events occur:
(a) death of either party; CT Page 1928
(b) remarriage by the wife; or,
(c) six years from the date herein.
The court has seriously considered the issue of time limited alimony. However, given the health of the husband, the disproportionate distribution of equity in the home, and the wife's use of the insurance proceeds, the court feels that time limited alimony is justified under these circumstances.
8. The parties have distributed their personal property to their mutual satisfaction with the exception of a circular saw and a weed-whacker which the husband shall be entitled to have as his own property.
9. The husband shall be entitled to claim the children as tax dependents on odd numbered calendar years and the wife on even numbered years.
10. The parties are directed and ordered to attend parenting classes pursuant to P.A. 93-319.
11. Except as otherwise provided, each of the parties shall keep his or her own property and be responsible for the payment of his or her own liabilities, costs and attorney's fees.
Mihalakos, J.